MISSOURI, KANSAS AND TEXAS TRUST COMPANY v. W. E. GANTT AND CARRIE E. GANTT, Appellants.

**Usury.** A contract to build a house for a sum certain, represented by the owner's notes, payable at fixed times, with interest at six per cent. per annum, is not rendered usurious by a provision therein that all unpaid notes will be surrendered and canceled in case of the owner's death before the maturity of the last note of the series, provided he has paid all notes due at his death.

*Appeal from Woodbury District Court.*—HON. FRANK R. GAYNOR, Judge.

SATURDAY, APRIL 6, 1895.

Action in equity for judgment upon notes and for the foreclosure of a mortgage securing said notes. Decree for plaintiff. Defendant appeals.—*Affirmed.*

*Gantt & Briggs* for appellants.

*Spaulding, Taylor & Burgess* for appellee.

Kinne, J.—I.  This ˙action was brought against defendant W. E. Gantt on nine promissory notes for six hundred and fifty-eight dollars and twenty cents each, and due, respectively, in two, three, four, five, six, seven, eight, nine, and ten years after date, and all payable in monthly installments of fifty-four dollars and eighty-five cents each, bearing ten per cent. interest if not paid when due.  The foreclosure of a mortgage given by both defendants to˙secure said notes was also prayed.  The mortgage covered a lot and house in Highland, an addition to the city of Sioux City, Iowa.  By the terms of the mortgage it became due on a failure to make any payment.  Defendant paid thirteen of the installment notes, and defaulted as to further payments.  By the provisions of the mortgage, plaintiff was entitled to the rents and profits of the mortgaged premises.  Judgment for six thousand dollars was prayed, with ten per cent. interest thereon from June 19, 1889, and costs.  The mortgage also contained the following provision: "And it is further understood and agreed by and between said parties of the first part, their executors, administrators, or assigns, and the said party of the second part, the Missouri, Kansas & Texas Trust Company, that in case said W. E. Gantt, one of the said parties of the first part, should die after the execution and delivery of said notes and this mortgage, and within ten years thereafter, each and every of said notes remaining

unpaid at the said date shall be surrendered to the executors or administrators of the said W. E. Gantt, one of the said parties of the first part, and this mortgage shall be canceled and satisfied: providing, however, that said party of the first part has promptly paid each of said notes hereinbefore mentioned and maturing, and that he has not committed suicide within two years, and has not, without the written consent of the party of the second part, visited the torrid zone, or personally engaged in the business of blasting, mining, submarine operations, or in manufacturing, handling, or transportation of explosives, or entered into the service of any railroad train or on a steam or sailing vessel for two years." Defendants, for answer to plaintiff's petition, averred that the only consideration for giving the notes and mortgage was the erection by plaintiff for the defendant W. E. Gantt of a dwelling house in conformity to certain plans and specifications furnished by plaintiff; that plaintiff had failed to comply with its contract, whereby the consideration for said notes had failed; that he had paid seven hundred and thirteen dollars and five cents on the notes; that by reason of negligent and careless plumbing and failing to connect the sewer pipe from the house to the cesspool the ground became impregnated with filth, exposing defendant and his family to disease, for which he claims seven thousand dollars. He also, in a further counterclaim, demands three thousand nine hundred dollars by reason of the failure of plaintiff to comply with its contract. In another count he pleads usury. Plaintiff, in an amendment to its petition, pleads performance of all its agreements, and that defendant accepted and occupied the building and made the monthly payments thereon for more than a year before making any complaint, and that his duly-appointed agent accepted said building, and freed plaintiff from

any further liability, and defendant is now estopped from asserting that the house was not duly completed and accepted. In a reply, plaintiff denies the allegations of the counterclaim; denies any indebtedness to defendant; alleges full performance of the contract on its part and acceptance by defendant. The cause was tried to the court, and a decree entered for plaintiff for four thousand nine hundred and ninety-eight dollars and twenty cents, with ten per cent. interest thereon from June 30, 1893, and for costs; also ordering the foreclosure of the mortgage.

II. Without undertaking to do more than approximate, it seems that the learned trial court, in entering the decree, must have allowed defendant about two thousand dollars upon his counterclaims. Appellant contends that he should have had a judgment against plaintiff. The testimony is quite lengthy, and we shall not attempt to review it. After carefully considering it, we conclude that the court below arrived at a correct result. The evidence is in hopeless conflict as to the character of the work done upon the house and the quality of material furnished. We are satisfied, however, that while the house, in most of the important particulars, conformed to the contract, yet in some respects it did not do so. The most serious defect was the failure to connect the sewer pipe leading from the house to the cesspool. It appears, however, that this sewer or waste pipe was only used to carry off waste water from the kitchen sink, and possibly from the washbowl in the bath room. The evidence of any ill effect from this cause is slight. Many of the defects in the construction of the house, which defendant complains of, appear to have been much magnified. As to some of them, it is a matter of doubt whether they were faults in construction or were due to the acts of defendant or those of his family. To properly review the evi-

dence would be a task requiring much time, and of no avail to any one save the parties to this suit. We are content with the conclusion reached by the district court.

III. It is said that this contract was usurious. It will be observed that by the terms of the contract, in case W. E. Gantt died within the ten years, and had paid all notes due at the date of his death, then the plaintiff agreed to surrender and cancel all the notes unpaid. We do not think there is any question of usury in this case. It was a plain contract to build a house for a certain sum of money, payable at fixed times. What it actually cost plaintiff is wholly immaterial. By the terms of the contract no price was fixed upon the house and no separate value upon that part of the contract whereby plaintiff, upon defendant's death within the ten years, was to cancel the remaining indebtedness. We are not authorized, on our own account, to say what the part of the contract providing for the cancellation of the notes was worth. The evidence touching that point, even if admissible, it seems to us, is not shown to be applicable to a case like this. The decree below is *affirmed.*